### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **BRENDA HERRON,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18 C 8375** |
| | ) | |
| | ) | **Judge John Z. Lee** |
| . | ) | Magistrate Judge Cummings |
| **THRESHOLDS HOUSING, INC.,** | ) | |
| **Defendant** | ) | |

### INITIAL JOINT STATUS REPORT PURSUANT TO MAGISTRATE JUDGE CUMMINGS' STANDING ORDER

Defendant Thresholds Housing, Inc. and Plaintiff Brenda Herron, by their respective attorneys, pursuant to this court's standing order on initial status reports in referral cases, state as follows:

1. **A brief summary of the claims asserted in the complaint.** In Ms. Herron's Complaint, Amended Complaint, and Second Amended Complaint, Ms. Herron alleges sexual harassment by a co-worker, Marcus Walker; retaliation for complaining by way of reduction in hours worked, and constructive discharge; to wit, Plaintiff Brenda Herron was hired by The Thresholds as a substitute desk clerk for its Rowan Tree facility at a rate of $10.50 an hour on February 10, 2017. She quit on September 25, 2017, alleging constructive discharge.. She remained a substitute employee until the time of her resignation. She alleges that tarting July 10, 2017, she began noticing Walker looking at social media all the time on the computer at the facility's entrance desk next to where she sat. She claims that on July 17th "[h]e was looking at women and their naked body parts and making hand jestures (sic) on his body parts and getting so excited that he would jump up from his seat and go outside to the patio or sometimes to the men's room." She said she questioned him and he told her to "mind my own business." As a result she said she could not sleep at night because she had nightmares of him attacking her. She

further said that on August 1 and 2 she worked with Walker and he was still on social media. She said she tried to talk to him about it õand he gave me a mean lookö causing her to go to the rest room and cry because she was afraid of him and needed the job. She said she wanted to become a Case Manager and retire in 5 years (she was 62 and said she had a couple college credits). She claims she started exploring openings at other locations to leave that facility to get away from Walker. She sent emails on August 6, 2017 and August 16, 2017 to other facility managers asking for additional hours at their facilities. She attached those emails to the Complaint. One email stated õí .I am a sub at Rowan tree. I have been here for 6 months I am looking for some extra hours. My schedule here is Monday, Tuesday and Wednesday from 7:30 Am to 2:30pmí ö The other email states, õI am a sub at Rowan Tree. I would like to be added to your sub list my scheduled here Monday, Tuesday, and Wednesday 7:30AM to 2:30PM.ö At 2:22pm on August 31, 2017 before the Labor Day weekend she sent an email to her manager, Ajibola Obajimi (õBolaö), õSubject: FW: Computer Abuseö complaining about Marcus Walker. On September 12, 2017, Bola advised her that there would no longer be two front desk clerks and that she would no longer be scheduled Mondays, Tuesdays and Wednesdays starting the next week. Ms. Herronøs alleges that also on September 12, 2017, Walker again engaged in unspecified objectionable conduct. She alleges Bola did nothing about Mr. Walkerøs activities, and that Mr. Walker continued his behavior and her hours were cut in retaliation for her complaining. On September 25, 2017, at 4:21 pm, Ms. Herronøs then lawyer George Frederick, wrote an email stating, õ[t]he purpose of this communication is to notify Thresholds that based upon the sexual harassment and retaliation Ms. Herron was subjected to, the workplace has become too intolerable to continue and therefor (sic), effective immediately, Ms. Herron can no longer work at Thresholds.ö

2. **A brief statement of the relief sought, including an itemization of damages.** Plaintiff seeks back pay from her date of alleged constructive discharge, compensatory and punitive damages as allowed by law under Title VII, and attorney's fees.

3. **A brief description of the matter referred to the magistrate judge or alternatively, attach a copy of the referral order.** The parties jointly advised the court that they believed a settlement conference would be beneficial at the earliest possible time. Referral Order attached.

4. **The status of any briefing on the matters referred.** There is no outstanding motions or briefing or discovery.

5. **If the case has been referred for discovery matters, a description of the discovery that has been completed and the future discovery contemplated, including identifying:** The parties are voluntarily exchanging the discovery they believe will be necessary and sufficient for a productive settlement conference.

(a) **the depositions that have been taken;** None.

(b) **the depositions that have been scheduled and the dates set; and (c) any other discovery contemplated.** None.

6. **Any dates or deadlines established by the district judge for discovery cut-off, submission of pretrial order or trial. If none have been set, a proposed fact discovery cut-off date and whether or not the parties anticipate the need for an expert discovery schedule, which will be set at a later date.** The parties believe they will be able to voluntary exchange sufficient discovery to facilitate a productive settlement conference and propose to address discovery deadlines at the conclusion of any settlement conference if unsuccessful. As Ms. Herron saw a

physician following her termination there may be medical expert witnesses on damages if the case does not settle.

7. **The status of settlement negotiations, if any**. The parties held settlement discussions at the Illinois Department of Human Rights that were unsuccessful. The parties' attorneys have had discussions after Mr. Alexander's appointment as Ms. Herron's counsel and believe that early settlement intervention of the court in settlement discussions can facilitate settlement.

8. **In referral cases, list both the district judge and the magistrate judge in the caption and circle the name of the judge for whom the filing is intended. This applies to all future filings**. Done-This filing is for Magistrate Judge Cummings

RESPECTFULLY SUBMITTED,

THRESHOLDS HOUSING, INC.                          PLAINTIFF BRENDA HERRON

By: _____/s/_____            By: _____/s/_____
     Mark E. Furlane, Its attorney              Daniel S Alexander, Her attorney

Mark E. Furlane                                  Daniel S Alexander
Berger, Newmark & Fenchel PC                     Law Offices of Daniel S. Alexander
Firm ID Number 90104; Illinois Bar Number 0897175    1425 West Schaumburg Road,
1753 N. Tripp Avenue                             Suite 144
Chicago, IL 60639                                Schaumburg, IL 60194
Tel: 312/704-7223; Fax: 773/360-7393        Email: danielsalexander@hotmail.com
mfurlane@bnf-law.com

<u>Certificate of Service</u>

The undersigned attorney certifies that on November 19, 2019 he e-filed this document through the Court's CM/ECF system which will cause copy of the document to be delivered electronically to the counsel of record for defendant(s) shown below.

Daniel S Alexander
1425 West Schaumburg Road, Suite 144
Schaumburg, IL 60194
Email: danielsalexander@hotmail.com

     /s/Mark E Furlane